IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.: 3:19cr113/MCR/MAL
                                                            3:24cv172/MCR/MAL
KADEEM INGRAM

### REPORT AND RECOMMENDATION

This matter is before me on the Government's Motion to Dismiss Defendant Kadeem Ingram's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 505. Ingram has responded in opposition to the motion. ECF No. 508. After a review of the record and relevant case law, I conclude Ingram's motion is untimely and the Government's motion to dismiss should be granted.

I. BACKGROUND

On September 17, 2019, a federal grand jury charged Ingram and others in a nine-count indictment with controlled substance offenses. Ingram was charged with conspiracy and with three substantive counts of distribution of controlled substances on a date certain. ECF No. 3. Ingram, who was represented by retained counsel Anthony Britt and local counsel Ladray Gilbert, filed a motion to suppress evidence seized from his vehicle during a traffic stop. ECF No. 182. The district court denied

the motion on October 19, 2020, after a joint hearing which included consideration of the motion to suppress filed by Ingram's father and co-defendant Kenneth Ingram. ECF Nos. 195, 269.

Ingram pled guilty pursuant to a written plea agreement on November 13, 2020, before Magistrate Judge Charles J. Kahn. ECF Nos. 216-220, 222, 236. Sentencing was set for February 10, 2021. ECF No. 224. On December 18, 2020, Ingram filed a motion to dismiss his retained attorneys citing their alleged abandonment of him. ECF No. 227. After an ex parte hearing, the district court granted Ingram's motion, appointed the office of the Federal Public Defender, and cancelled the sentencing hearing until appointed counsel appeared. ECF No. 248. The court granted a similar motion filed by Kenneth Ingram. ECF Nos. 228, 249.

Attorney Maria Dykes filed a notice of appearance on January 22, 2021. ECF No. 253. On March 22, 2021, Ms. Dykes filed a motion to withdraw, citing her client's insistence that she file a legally inappropriate motion. ECF No. 259. After a hearing, the district court denied the motion "consistent with the discussion between the Court, the Defendant, and Ms. Dykes on the record." ECF No. 261. Sentencing was reset for July 16, 2021. ECF No. 263.

On June 16, 2021, Ingram filed a motion to continue sentencing. ECF No. 265. The primary basis for the motion was that Ingram intended to file a Motion to

Withdraw his Guilty Plea. The district court granted the motion and continued sentencing until September 17, 2021. ECF No. 266.

Ingram filed his Motion to Withdraw his Guilty Plea on September 3, 2021. ECF No. 283. He offered several arguments in support of his motion. Ingram claimed his original attorneys failed to review discovery with him; he noted he had complained about counsel's performance throughout their representation and asked for them to withdraw about a month after he entered his plea; and he asserted counsel's lack of discovery review and communication constituted ineffective assistance or attorney abandonment. In further support of his motion, Ingram pointed out his "equivocal" answers about his satisfaction with counsel during the plea proceeding. *Id.* at 18. The district court denied Ingram's motion on September 10, 2021, in a comprehensive order. ECF No. 290. It found that Ingram had not demonstrated a "fair and just reason" to withdraw his plea. The court further found Ingram had received "close and adequate" assistance of counsel, he had not shown he was prejudiced by counsel's failure to review all the discovery with him before the suppression hearing, and his claim of abandonment was "wholly without merit." *Id.* On September 13, 2021, the court also denied Kenneth Ingram's Motion to Adopt Co-Defendant's Motion to Withdraw Guilty Plea. ECF Nos. 291, 292.

On February 15, 2022, Kenneth Ingram filed a second motion to withdraw his guilty plea, which Kadeem Ingram adopted. ECF Nos. 331, 333. The motions, which were based on local counsel's fraud towards the Ingrams in a separate civil matter, was granted on February 25, 2022. ECF No. 337. The district court declined to find an actual conflict or that counsel gave improper advice, withheld any information, or sabotaged the Ingrams' criminal case, but it found that the appearance of impropriety was sufficient to provide a fair and just reason to allow the Ingrams to withdraw their guilty pleas and proceed to trial. *Id.* at 9.

Kenneth Ingram filed a motion for extension of time to file a motion to suppress the search warrant, which Kadeem Ingram adopted. ECF Nos. 356, 357. The district court denied the motion on April 21, 2022, finding no good cause for the late filing. ECF No. 361.

On June 16, 2022, the district court referred Kadeem Ingram's case to the duty U.S. Magistrate Judge to conduct Rule 11 plea proceedings. ECF No. 369. The hearing was set for June 22, 2022, before Magistrate Judge Kahn, but Ingram changed his mind, and the change of plea hearing was cancelled. ECF No. 375 at 3.

On June 21, 2022, the district court denied Ingram's motion for another 60-day continuance, which was filed only one week before the scheduled trial. ECF No. 375. The court's order set forth the lengthy procedural history of the case, and the

court stated that the latest motion was "wholly lacking in merit" and the case had "seen more than enough delay and shenanigans by the Defendants, and no more will be tolerated." *Id.* at 3.

The Ingrams' jury trial began on June 27, 2022. On the third day of the trial, Kenneth Ingram suffered a medical emergency that was witnessed by several jurors. Because of this, the court granted an oral motion for a mistrial, and re-set the trial for August 15, 2022. ECF Nos. 390-392. The trial began as scheduled and on August 17, 2022, the jury returned a verdict of guilty on each count. ECF No. 408. Sentencing was set for November 16, 2022.

Ingram's third final Presentence Investigation Report determined his total offense level was 41 and his criminal history category was II. ECF No. 425. The applicable advisory guideline range was 360 months to 1440 months. *Id.*, PSR ¶ 145. However, at sentencing the district court determined the applicable range was 210 to 262 months' imprisonment after amending the drug weight calculation and removing two adjustments. ECF No. 449 at 4. The court varied from the guideline range, based on Ingram's age and status as a first-time drug offender and sentenced him to a term of 150 months' imprisonment. *Id.*; ECF No. 472 at 39-40. Ingram asked if he would be given credit for the time he spent in state custody, and the court responded affirmatively. ECF No. 472 at 43, 44. After imposing sentence the court

advised both defendants about their right to appeal. *Id.* at 59-60.[1] Kadeem Ingram did not appeal, and he filed nothing further until filing the instant § 2255 motion, which the Government has now moved to dismiss as untimely.

II.   DISCUSSION

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Judgment was entered on March 28, 2023. Because Ingram did not appeal, his judgment of conviction became final when the time for doing so expired, on April 11, 2023. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, to have been timely filed his motion must have been filed within one year of that date.

---

[1] Kenneth Ingram, who was also sentenced to a below-guidelines term, filed a notice of appeal and his attorney moved to withdraw. ECF Nos. 452-454.

The clerk of court did not receive Ingram's motion until 8 days past the deadline, on April 19, 2024. The motion was not mailed from the institution where Ingram is incarcerated. Rather, the envelope reflects it was sent by David Ingram via priority mail from a private residence in DeFuniak Springs. ECF No. 502 at 13. Because it was not sent from the prison, Ingram he may not avail himself of the "prison mailbox rule," which provides that a pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *see Cousin v. Lensing*, 310 F.3d 843, 847 & n.2 (5th Cir. 2002) (observing that the prison mailbox rule does not extend to submissions filed on a prisoner's behalf by a "non-attorney intermediary"); *Gray v. Thaler*, No. 3:09-cv-0304, 2009 WL 3614458, at *3 (N.D. Tex. Oct. 30, 2009) (noting that the mailbox rule does not apply to pleadings submitted by a friend or family member on a prisoner's behalf); *Robinson v. Jones,* No. 3:15cv496/MCR/EMT; 2016 WL 8470183, at *2, n.2 (N.D. Fla. Dec. 16, 2016) (mailbox rule does not apply to § 2254 petition that was not mailed from the prison; the petition was "filed" when it was received by the clerk, citing Fed. R. Civ. P. 5(d)(2)); *United States v. Soca-Fernandez*, No. 1:16cr62; 2022 WL 20727794, at *3

(W.D. Mi., Sept. 16 2022) (mailbox rule does not apply to § 2255 motions not mailed from the prison that the clerk received one day after the one-year statute of limitations expired); *Dison v. Whitley*, 20 F. 3d 185, 187 (5th Cir. 1994) (submission of pleadings using a third party agent does not trigger the prison mailbox rule); *Benitez v. Davis*, No. H-18-2958; 2020 WL 1815865, at *9 (S.D. Tex. Apr. 9, 2020) (citing *Dison*). Even if the prison mailbox rule were applicable in this case, Ingram did not sign his motion until April 12, 2024, one day past the one-year deadline.[2] *See* ECF No. 502 at 12.

Ingram appeared to recognize that his motion was facially untimely at the time he signed it. In response to the question on the § 2255 form asking him to explain why the one-year statute of limitations did not bar his motion, he stated merely "Abandonment of Counsel." *Id.* at 11.

---

[2] "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The Seventh Circuit went on to say that statutes of limitation protect important social interests, and "limitation periods work both ways—one can be sure [defendants] would not be pooh-poohing the prosecution's tardiness if they had been indicted one day after the statute of limitations expired for their crimes." *Id.* (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir.1990)).

The Government asserts that the § 2255 motion should be dismissed because it is facially untimely and because Ingram has not alleged either that he is actually innocent or established that the doctrine of equitable tolling applies.

In his response, Ingram maintains he is entitled to equitable tolling of the statute of limitations "due to the abandonment of his trial counsel, which constitutes an extraordinary circumstance beyond his control." ECF No. 508 at 1. The bulk of Ingram's claims of "attorney abandonment," however, relate to matters that occurred *before* he was sentenced and the time for filing a § 2255 motion began to run. *Id.* at 2-4. For instance, he complains that his and his father's original legal team failed to obtain material evidence, coerced the Ingrams to plead guilty, and stopped communicating with them, ultimately being released from representation. *Id.* at 2. Ingram notes that one of those attorneys has been suspended from the practice of law and is currently on felony probation. As to his second attorney, Ingram complains that Ms. Dykes failed to investigate his case or file a motion to suppress, failed to contact a private investigator, and failed to prepare a defense for trial. *Id.* at 3. Irrespective of the merits of such claims, these alleged failings that happened before sentencing have no bearing on the timeliness of his § 2255 motion.

Ingram also claims Ms. Dykes "coerced and/or misadvised Petitioner into not appealing his sentence or conviction." *Id.* at 3. Ingram may now be second guessing

his acquiescence to counsel's advice that he not appeal his conviction and below-guidelines sentence. However, this too is irrelevant to the Court's analysis of the timeliness of his motion.

Finally, Ingram complains that Ms. Dykes "never educated or advised him of the deadline to file a 2255 motion," and he asserts that her failure to do so "constitutes an 'extraordinary circumstance' to support equitable tolling." ECF No. 508 at 4-5. Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citations omitted). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226.

To the extent Ingram seeks to excuse his untimely filing by asserting counsel was ineffective or abandoned him because she did not advise him of the deadline to file a § 2255 motion, he is not entitled to relief. Ineffective assistance of counsel cannot be used as cause to excuse procedural default in a post-conviction context, because no constitutional right to counsel exists at this stage. *See Golston v. Attorney Gen. of State of Ala.*, 947 F.2d 908, 911 (11th Cir. 1991); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Barbour v. Haley*, 471 F. 3d 1222, 1227 (11th Cir. 2006); *United States v. Johnson*, 842 F. App'x 402 (11th Cir. 2021). Furthermore, mere attorney negligence will not justify equitable tolling. *Downs v. McNeil*, 520 F. 3d 1311, 1319 (11th Cir. 2008) (citing *Steed v. Head*, 219 F. 3d 1298, 1300 (11th Cir. 2000); *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)). Ingram cites *Downs* as proof that the Eleventh Circuit recognizes attorney abandonment as a basis for equitable tolling. However, the situation in *Downs*, where attorneys for a death-row prisoner allegedly "evinced utter disregard for [his] repeated directive to file his habeas petition" is markedly different than the situation presented in the case at bar.

Ingram makes a conclusory statement that he has acted with "reasonable diligence" in pursuing his appeal rights and post-conviction relief. ECF No. 508 at 6. He states that he only discovered counsel gave him misadvice and/or coerced him

concerning the appeal in February of 2024 from a friend who studies the law. *Id.* Ingram's conclusory assertion about acting with reasonable diligence does not establish this is so. He has not met his burden of showing he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226.

Finally, it is true that a credible claim of actual innocence can supersede the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir. 2011)). "To establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). Ingram has not made this showing.

Therefore, based on the foregoing, Ingram's untimely § 2255 motion should be dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Government's Motion to Dismiss Defendant Kadeem Ingram's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 505, be **GRANTED**.

2. Defendant Ingram's Motion under 28 U.S.C. § 2255, ECF No. 502, be **DISMISSED** as untimely.

3. A certificate of appealability be **DENIED**.

At Gainesville, Florida on August 6, 2024.

s/ <em>Midori A. Lowry</em>
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.